IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KELLY FLANNERY**                                                                                           **PLAINTIFF**

v.                          **CIVIL ACTION NO. 3:22-cv-00327-LPR**

**PECO FOODS, INC.**                                                                                      **DEFENDANT**

**STIPULATED PROTECTIVE ORDER**

Pursuant to an unopposed Motion for Protective Order and in an effort to protect confidential information produced in discovery and/or exchanged by the parties in this case, the parties to the above-captioned litigation agree to this Stipulated Protective Order ("Order"):

1. **Designation of Confidential Information.** In responding to discovery in this action, the producing party may designate information produced as "Confidential Information," provided that it is information which the producing party in good faith deems to contain sensitive commercial, financial, personal, personnel, business, or trade secret information.

2. Confidential Information may be included, without limitation, in exhibits and deposition testimony, affidavits or declarations; correspondence; answers to interrogatories; documents and tangible things produced by a party or person (whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or otherwise); responses to requests for admission; and briefs that may quote, summarize, or contain Confidential Information.

3. **Production of Documents and Other Material Containing Confidential Information.** Parties may include information designated as "Confidential Information" in any papers filed with the Court, as follows:

    a. In the case of documents and written discovery responses, by affixing the legend "Confidential" to each page containing any Confidential Information.

04460263

    b. In the case of electronically stored information in any form (collectively, "Electronic Data"), by designating the Electronic Data as Confidential in a cover letter accompanying the production of the Electronic Data, and by marking the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate Confidential designation.

    c. In the case of depositions or other pretrial testimony, by written notice sent to all counsel of record for the parties within ten (10) business days after receipt of the transcript of the deposition, identifying the specific portion of the testimony, by page and line number, that is asserted to be Confidential.

4. The parties acknowledge that this Order creates no entitlement to file Confidential Information under seal; a party must follow the rules set forth for filing material under seal pursuant to the Court's Local Rules and Scheduling Orders. Additionally, nothing in this Protective Order automatically entitles a party to a sealed courtroom or transcript during any part of the trial. The parties also acknowledge that the Order in no way alters the obligation of counsel to redact personal identifiers in documents filed under seal or electronically.

5. **Parties May Use Their Own Confidential Information.** Information that is designated as Confidential Information by the producing party shall not be used by the receiving party for any purpose except in connection with the litigation of this case. However, this Order does not affect the parties' use of their own information and their own documents in their possession.

6. **Persons Who May Access Confidential Information.** Legal counsel receiving information designated as Confidential Information shall not disclose such information to any persons other than:

    a. Lawyers, paralegals, secretaries or other support personnel of the law firms of such counsel assisting in the litigation of this case;

    b. Experts and consultants retained by legal counsel for assistance in the litigation;

    c. The parties to the lawsuit themselves;

      d.   The Court, court personnel, court-reporters, and any mediators, in connection with this litigation;

      e.   Authors and recipients of such Confidential Information; and

      f.   Deponents, witnesses and potential witnesses in this litigation, and their counsel, but only in the presence of legal counsel.

7.    **Application of this Stipulated Protective Order to Experts or Consultants.**  If Confidential Information is provided to any expert or consultant retained by a party, the party retaining the expert or consultant will obtain a confidentiality agreement with that expert or consultant providing that the Confidential Information will be returned or destroyed at the conclusion of the litigation, and that the information will not be used for any other reason.

8.    **Challenging Confidentiality Designations.**  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time a designation is made, and is not precluded from making a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disputes any such designation, such party shall provide to the designating party written notice of its disagreement with the designation.  In an effort to settle such dispute without judicial intervention, the parties shall meet and confer within five (5) business days after such notice to reconsider the circumstances and explain the bases for maintaining or challenging the designation.  If the dispute cannot be resolved, the challenging party may file a motion that identifies the challenged material and sets forth the basis for the challenge.  The designating party shall bear the burden of proving that information has been properly designated as "Confidential."  During the pendency of the motion, the information designated "Confidential" shall remain subject to the designation.

9.    **Return or Destruction of Confidential Information.**  Within ninety days of the conclusion of this case, upon the written request of the designating party, all information designated as "Confidential," and all copies thereof, shall be returned or alternatively,

destroyed/deleted, though the receiving party may keep a copy of all pleadings and all of their attorney work product. This section does not apply to the Court or court personnel.

10. **Timing**. This order shall remain in effect no longer than one year after the litigation ends.

11. **Nothing in this Order shall:**

    a. prejudice in any way the rights of any party to object to the production of documents that it considers not subject to discovery; or

    b. prejudice in any way the rights of a party to seek a Court determination of whether particular discovery material shall be produced or, if produced, whether such material should be subject to the terms of this Order; or

    c prejudice in any way the rights of a party to apply to the Court for further orders relating to any protected information or document.

DONE and ORDERED this the 20th day of March, 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE